Malcolm VEAZEY, Plaintiff-Appellant,

v.

YOUNG'S YACHT SALE AND SERVICE, INC., et al, Defendants,

Volvo Penta and Morgan Yacht, Defendants-Appellees.

No. 80–3524
Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit A

May 4, 1981.

Anatole J. Plaisance, New Orleans, La., for plaintiff-appellant.

Milling, Benson, Woodward, Hillyer, Pierson & Miller, Henry A. King, John T. Nesser, III, New Orleans, La., for Volvo Penta.

Monroe & Lemann, A. Justin Ourso, III, Stephen B. Lemann, New Orleans, La., for Beatrice Foods and Morgan Yacht.

Before BROWN, POLITZ and TATE, Circuit Judges.

POLITZ, Circuit Judge:

Malcolm Veazey appeals the dismissal of his complaint for failure to prosecute. Fed. R.Civ.P. 41(b). The dismissal was with prejudice. Our review of this record reveals ample justification for dismissal, the harshest of all sanctions. Accordingly, we affirm.

On June 30, 1978, Malcolm Veazey, a Louisiana resident, invoked diversity jurisdiction and filed an action in redhibition (recission of contract of sale) involving a sailboat he had purchased over two years earlier. The named defendants were Young's Yacht Sales and Service, Inc., the seller, Volvo Penta, manufacturer of the motor, and Morgan Yacht, manufacturer of the hull. Young's, a Louisiana corporation, was issued a summons on July 5, 1978, was served on July 6, 1978, and answered on August 16, 1978. Almost 20 months later, Veazey filed a motion to dismiss the action against Young's without prejudice, suggesting that issue had not been joined. Issue had been joined by the filing of Young's answer. This dismissal, presumptively sought to preserve diversity jurisdiction with respect to the other defendants, both out-of-state corporations, was granted.

On July 5, 1978, summonses were also issued to the other defendants, but these summonses contained no address or service instructions and were returned by the marshal to the clerk's office after three unsuccessful attempts to secure additional service information from plaintiff's counsel. Following a delay exceeding 18 months, plaintiff's counsel furnished service instructions for Volvo Penta and Morgan Yacht and service was accomplished on March 24, 1980, nearly 21 months after the complaint was filed.[1] This was the first actual notice these defendants received.

Beatrice Foods Co., the corporation of which Morgan Yacht is a division, and Volvo of America Corporation, the corporation of which Volvo Penta Production Division is a division, both filed motions for dismissal for lack of prosecution. Beatrice Foods Co. also challenged jurisdiction over the person and sufficiency of service of process. The district court granted the motions to dismiss without differentiation. This dismissal was done by appropriate record entry and judgment; no reasons were assigned, none are required.

Rule 41(b) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal of an action or claim when the plaintiff fails to prosecute. This sanction has been charily applied because the courts are vitally aware of the harshness of the remedy. Reflective of this court's reluctance to apply this judicial mailed fist is our

---

1. Although the proper defendants received actual notice, Beatrice Foods Co. contends that service was legally insufficient. Morgan Yacht is a division of Beatrice Foods Co. Volvo Penta Production Division is an operating division of Volvo of America Corporation. Neither operating division is a separate corporate entity. Because we affirm the trial court's dismissal on other grounds we do not discuss this claim or the challenge as to personal jurisdiction.

discussion in *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980):

> Dismissal with prejudice, however, is an extreme sanction that deprives a litigant of the opportunity to pursue his claim. Although on an appeal from the imposition of such a sanction this court will confine its review to a determination of whether the district court abused its discretion, we have consistently held that dismissal with prejudice is warranted only where "a clear record of delay or contumacious conduct by the plaintiff" exists, *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967), and "a lesser sanction would not better serve the interests of justice," *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970). *See Silas v. Sears, Roebuck & Co.*, 586 F.2d [382] at 385 [5 Cir.]; *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212 (5th Cir. 1976); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), *cert. denied*, 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d [885] at 888 [5 Cir.].

*See also Martin-Trigona v. Morris*, 627 F.2d 680 (5th Cir. 1980).

Although lesser sanctions are clearly preferred, dismissal is appropriate when there is "a clear record of delay or contumacious conduct." Apparently the district judge believed that the protracted period between the time of filing of the complaint on June 30, 1978, and service on March 24, 1980, was an inordinate delay justifying dismissal. We find no abuse of discretion by the district court in reaching that conclusion.

The explanations offered by plaintiff's counsel, including the move of his office location, the transfer of the case from the docket of one judge to the docket of another, and the suggested habitual slow movement of cases in the district do not justify the extent of inaction we perceive in this record. The furnishing of information for proper service of process was not that difficult or laborious a task. We can only conclude that counsel intentionally failed to cause effectuation of service. If indeed there was uncertainty as to defendants' whereabouts, counsel could have availed himself of Rule 4(e), Fed.R.Civ.P., which permits use of state rules and procedures for service of process. In this instance, plaintiff had access to La.Rev.Stat. 13:3741 (1950) which provides for service of process on the Secretary of State of the State of Louisiana in instances in which a foreign corporation cannot be found for service.

The Federal Rules do not prescribe a time period during which service must be accomplished, nor do we find definitive precedent which establishes a fixed period of weeks or months. Each case must be evaluated in the light of controlling circumstances, bearing in mind that action or inaction by a party or his counsel must not be permitted when such action or inaction effectively defeats the purposes of statutes of repose (in common law parlance, limitations; in civilian terminology, prescription), or when likely to prejudice a party.

In the case at bar Veazey filed his action in redhibition claiming a defect existed in the sailboat at the time of purchase. Under Louisiana law, such an action must be brought within one year of the date of sale or, if the seller had knowledge of the defect and withheld this information, within one year from the buyer's discovery of the defect. La.Civ.Code arts. 2534, 2545 and 2546. The sailboat was purchased in May of 1976. Although Veazey's complaint does not specify when he discovered the alleged defect, we will assume that it was less than a year prior to the filing of suit on June 30, 1978. The defendants had no actual notice of the allegations being made against them until almost four years after the sale, very likely two years or more after Veazey learned of the defect complained of and nearly 21 months after suit was filed.

Delay alone can infuse an adverse element into the proper flow of litigation: evidence deteriorates or disappears, memories fade, and witnesses die or move away.

If the delay is unjustified, the court can and must act to redress the balance. To require the manufacturers of the hull and motor of the sailboat to defend a redhibitory action under the circumstances presented here, would be manifestly unjust. Our colleagues of the Ninth Circuit addressed the question of delay and the propriety of a dismissal under Rule 41(b) in *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (1976):

> Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations. *Pearson v. Dennison*, [353 F.2d 24, 28 (9th Cir. 1968)]; *Howmet Corp. v. Tokyo Shipping Co.*, 318 F.Supp. 658 (D.C. Del.1970).

\* \* \* \* \* \*

To permit a delay in service when the complaint is served immediately prior to the running of the statute of limitations undercuts the purposes served by the statute. Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims. *Dewey v. Farchone*, 460 F.2d 1338 (7th Cir. 1972).

Veazey correctly invites our attention to the fact that we have previously reversed dismissals under Rule 41(b) finding no clear record of delay or contumacious conduct. The delays encountered in the cases cited, however, occurred in prosecution of the cases after service of process. *See, e. g., Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226 (5th Cir. 1981) (plaintiff took no action for six months after defendant answered); *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179 (5th Cir. 1980) (plaintiff took no action for two years after defendant answered); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1958) (no action for eight months after answer filed). Reference to these cases is not to be taken as an indication that derelictions in prosecution occurring after service of process will be condoned, for we have affirmed dismissals for failure of diligent prosecution after service. *Harrelson v. United States*, 613 F.2d 114 (5th Cir. 1980) (22-month delay between last pleading filed and dismissal). We underscore the necessity for reasonable and diligent pursuit of all cases and claims initiated, and we emphasize our concern that undue delay is to be avoided, particularly delay in those instances in which the defendant does not have knowledge of an outstanding claim. We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available. A delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process.

In this type situation, "a lesser sanction would not better serve the interests of justice." *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970). We are not unmindful of the need to be cognizant of the innocent plaintiff who may be harmed by the inaction of counsel. As we said in *Flaksa* in reversing the trial court's dismissal: "The appellant was in no way connected with or responsible for, his proctor's dilatory conduct. While we do not condone that conduct, we feel that the circumstances of the case are not such that the appellant should lose his day in court." 389 F.2d at 889. We are also mindful of the Supreme Court's teachings in *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), wherein the Court expressly recognized that an innocent litigant can be held responsible for the conduct of his attorney. Rule 41(b) certainly contemplates such. We subscribe to the view that involvement of the litigant in the delay is a material factor in weighing remedies and when the litigant is not involved dismissal should be the last, grudgingly granted resort.

Viewing the case before us in light of the foregoing expressions, we conclude that the dismissal entered was within the discretion of the trial judge and is, therefore, AFFIRMED.