John C. PORTER, Plaintiff-Appellant,

v.

BEAUMONT ENTERPRISE AND JOURNAL, et al., Defendants-Appellees.

No. 84–2088
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 4, 1984.

Rehearing Denied Nov. 5, 1984.

Jesse R. Funchess, Houston, Tex., for plaintiff-appellant.

Fisher & Phillips, Donald B. Harden, Atlanta, Ga., for defendants-appellees.

Before CLARK, Chief Judge, REAVLEY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

John Porter filed a Title VII race discrimination suit against his employer, the Beaumont *Enterprise* and *Journal* and three of its employees. The district court dismissed Porter's suit with prejudice due to laches, inexcusable delay, and improper service of the defendants. Porter appeals this dismissal. We affirm the district court.

I

In May 1980, plaintiff was discharged from employment with the Beaumont *Enterprise* and *Journal* newspapers (the "Newspaper"). He filed a charge with the Equal Employment Opportunity Commission (EEOC) for discrimination based on race and named the Newspaper as the employer who discriminated against him. In the narrative of his charge plaintiff mentioned two individual employees,[1] Bill Hunsberger and Mary Buckner,[2] who were made individual defendants in this suit. Dan Ragan, a third individual made a defendant in this action, was not mentioned anywhere in the EEOC charge. Before the EEOC completed its investigation, plaintiff requested and received a Notice of Right to Sue on December 23, 1981.[3]

---

1. A third individual employee, Sam McQueen, was named in the charge. However, Mr. McQueen was not made a defendant in this suit.

2. There is some confusion as to Mary Buckner's name. While working for the Newspaper, her name was Mary Barksdale; then it was Mary Buckman; now it is Mary W. Guyon. Ms. Guyon admits she is the Mary Buckner named in plaintiff's EEOC charge and complaint. Although plaintiff apparently named her incorrectly, we refer to Ms. Guyon as Mary Buckner.

3. According to defendants, the EEOC never served any of the individual defendants with a copy of plaintiff's charge or notified them they

Plaintiff filed his Title VII suit eighty-nine days later on March 22, 1982, one day short of the 90 day statute of limitations. The following day, plaintiff requested service of process through the U.S. Marshal. Process was never served, however, because plaintiff's attorney failed to pay the service fee deposit. The Marshal returned the process unexecuted on June 30, 1982.

Plaintiff's attorney took no further action until February 22, 1983 when the district court held a hearing to dismiss the case for failure to prosecute. The court permitted plaintiff to continue the suit on his attorney's promise to serve the defendants. Five weeks later, on March 28, plaintiff's attorney requested and received appointment of a process server. Process was served by regular certified mail to each of the three individual defendants and was received by each in late March or early April 1983. The Newspaper was served in early April 1983 by mail through the Texas Secretary of State. The Secretary of State forwarded the process to the Newspaper by letter dated June 17, 1983.

In May 1983, Buckner and Hunsberger filed motions to dismiss for lack of personal jurisdiction based on improper service and insufficient process.[4] The Newspaper filed a similar motion in July. Plaintiff's attorney made no effort to perfect the allegedly improper service. In August 1983, all defendants filed a motion to dismiss with prejudice on various grounds including laches, inexcusable delay, and lack of personal jurisdiction due to improper service. On January 25, 1984, the district court granted defendants' motion to dismiss with prejudice. Plaintiff appeals that order.

## II

On appeal from imposition of a dismissal with prejudice, this court will confine its review to a determination of whether the district court abused its discretion. *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir.1980). The district judge believed that the protracted period between filing the complaint on March 22, 1982 and service in late March 1983 was an inordinate delay justifying dismissal. We find the district court did not abuse its discretion in reaching that conclusion.

Basically, plaintiff asserts four arguments against the district court's dismissing his case with prejudice. Plaintiff contends the district court misconstrued the record in saying he did not make *"any"* attempt to serve defendants until a year after filing the complaint. Plaintiff also contends he showed good cause for delayed service. Plaintiff further contends that dismissal was based on Rule 4(j) of the Federal Rules of Civil Procedure and that such dismissal must be without prejudice. Finally, plaintiff contends he should be allowed to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure so as to bring the merits of this action before the court. These arguments are addressed in order.

Regardless of whether plaintiff's attorney made "any" attempt at service, the record supports the district court's finding that defendants suffered prejudice from the dilatory conduct of plaintiff's attorney in "attempting" service. Although plaintiff's attorney did indeed make a prompt attempt to serve defendants through the U.S. Marshal, because he never paid the service fee deposit, process was returned unexecuted. From June 30, 1982, when that return was duly recorded on the docket of this case, plaintiff made no attempt to pay the marshal or take any alternative steps to serve defendants until February 22, 1983, when the district court threatened to dismiss the suit for failure to prosecute. Even then plaintiff delayed five weeks in commencing alternative service and that service when finally effected was technically improper as regards the Newspaper and two of the individual defendants. Con-

---

were subject to an EEOC investigation. Because plaintiff did not inform the EEOC that he intended to or had filed a civil suit, the EEOC destroyed plaintiff's case file in December 1982.

4. The third individual defendant, Dan Ragan, apparently was served properly and filed an answer to plaintiff's complaint.

sidering this pattern of delay and neglect the district court acted within its discretion to dismiss the action.

■ The explanations offered by plaintiff's counsel including illness and loss of office personnel do not justify the extent of consistently dilatory behavior evident in the record. Delay in serving a complaint affects every aspect of a defendant's trial preparations. *Veazey v. Young's Yacht Sale & Service, Inc.,* 644 F.2d 475, 478 (5th Cir.1981). "A delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process." *Id.* In the former situation, in a case of this kind, the defendant is deprived of formal notice well past the maximum time Congress intended to permit in requiring an action to be filed within 90 days of the EEOC's right to sue letter. The 90-day statute of limitations in Title VII suits guards against the problem of stale claims and faded memories likely to plague actions based on discriminatory employment practices. To permit a lengthy delay in service when the complaint is filed, as here, immediately prior to the running of the 90 day limit on filing an action, undercuts the purposes served by the statute. If service can be delayed indefinitely once the complaint is filed, the express demand of the congressional scheme no longer protects defendants from stale claims. *Veazey,* 644 F.2d at 478.

■ Because dismissal with prejudice is the harshest of sanctions, this court has consistently required that the efficacy of any lesser sanctions be considered. *See Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir.1982); *Veazey,* 644 F.2d at 477; *Brown v. Thompson,* 430 F.2d 1214, 1216 (5th Cir.1970). However, when a plaintiff has been guilty of a series of inexcusable delays in serving process on a defendant, and then perfects service improperly, "a lesser sanction would not better serve the interests of justice." *Id.* at 477.

Dismissals with prejudice have been affirmed on appeal in this circuit when a clear record of delay exists and lesser sanctions are deemed ineffective. In the instant case, a clear record of delay is discernible from the record. Even if we disregard the fact that plaintiff's attorney failed to pay the service deposit fee thereby causing service to be returned unexecuted, plaintiff made no attempt over the next eight months to initiate a second service. Then, after a hearing to dismiss for failure to prosecute, plaintiff's attorney delayed another five weeks before requesting appointment of a process server so that the alternative process service could begin. Even then, plaintiff's service was technically objectionable as to three out of four defendants. This required a third attempt at service to perfect it. Plaintiff's attorney never attempted to perfect service, but requests the opportunity to do so now, a full two and a half years after originally filing suit.

Besides this clear record of delay, the district court did impose a lesser sanction before dismissing the case with prejudice. When the case was set down for hearing on the district court's motion to dismiss for failure to prosecute, the court permitted plaintiff's counsel another opportunity to perfect service. The result of this lenient sanction was further delay and technically objectionable service.

■ In upholding a dismissal with prejudice, this circuit has also looked to whether aggravating factors were present. In *Rogers v. Kroger Co.,* 669 F.2d at 320, we defined aggravating factors as the extent to which plaintiff, rather than his counsel, is personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct. Two of the three aggravating factors recognized in *Rogers* were present in this case. The delay was the result of intentional conduct by plaintiff's attorney, and the record supports the conclusion that the defendants suffered actual prejudice from the delay. None of the individual defendants is currently employed by the Newspaper, and Hunsberger and Buckner have moved out of state. In addition, as previously discussed, delay be-

tween filing a complaint and service of process is viewed as a critically prejudicial delay. *Veazey,* 644 F.2d at 478.

 Plaintiff contends that this dismissal was pursuant to Rule 4(j) of the Federal Rules of Civil Procedure [5] and, therefore, should be without prejudice. Rule 4(j) was part of the 1983 amendments to the Federal Rules of Civil Procedure. It became effective February 26, 1983. Plaintiff's counsel promised to serve defendants at a hearing held on February 22, 1983. We do not address the question of whether Rule 4(j) was operative in plaintiff's case and, if operative, was applicable under these facts. We merely note that if Rule 4(j) were to apply and plaintiff's case were dismissed without prejudice, plaintiff would have no right to refile. The 90-day limitation on filing a Title VII suit has long ago expired. Plaintiff's delays after being required to perfect service could not toll the limitation period. Any error would be harmless. Fed.R.Civ.P. 61.

 Finally, plaintiff's counsel seeks to invoke this court's equitable power to grant leave to amend pursuant to Fed.R. Civ.P. 15 in order to go to trial on the merits. Precisely what plaintiff's counsel is requesting is unclear. Rule 15 would allow the district court to grant leave to amend the complaint. The rule also provides for relation back of those amendments to the original complaint to avoid the bar of a statute of limitations. No defect is alleged to exist in plaintiff's original complaint. The challenged defects are delay in effecting service. Rule 15 does not apply to service of process. No action under that rule would rectify the problems of prejudice attendant to the inexcusable delay exercised by plaintiff's counsel.

In light of the reasons discussed above, the district court's decision to dismiss with prejudice is

AFFIRMED.

5. Rule 4(j) states:
   If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was

not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.... Fed. R.Civ.P.