776 F.2d 532
 3 Fed.R.Serv.3d 204
 Daniel FOURNIER and Barbara Fournier, his wife, and
individually, Plaintiffs-Appellants,
v.
TEXTRON, INC., individually, and d/b/a Bell Helicopter
Textron, Division of Textron, Inc., et al.,
Defendants-Appellees.
 No. 85-3409.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 15, 1985.
 
 Richard A. Thalheim, Jr., Thibodaux, La., for plaintiffs-appellants.
 R.K. Christovich, Jr., New Orleans, La., for Allison Gas & Detroit.
 McGlinchey, Stafford, Mintz & Cellini, Ken Laborde, New Orleans, La., for Petroleum Hel.
 Plauche & Maselli, Andrew L. Plauche, Jr., New Orleans, La., for Sundstrand Corp.
 Phelps, Dunbar, Marks, Claverie & Sims, Howard Daigle, Jr., for Airwork Corp.
 Appeal from the United States District Court for the Eastern District of Louisiana; Henry A. Mentz, Jr., District Judge, Presiding.
 Before CLARK, Chief Judge, JERRE S. WILLIAMS and PATRICK E. HIGGINBOTHAM, Circuit Judges.
 OPINION
 PATRICK E. HIGGINBOTHAM, Circuit Judge:
 
 
 1
 Plaintiffs appeal the dismissal for want of prosecution of their diversity suit for personal injuries suffered in the crash of a helicopter in the Gulf of Mexico. Because plaintiffs have no legitimate explanation for a 32-month delay in causing process to be issued, and this delay on the facts of this case is both prejudicial and unfair to defendants, we affirm.
 
 
 2
 * Daniel and Barbara Fournier sued Petroleum Helicopter, Inc. on June 17, 1982 in the United States District Court for the Eastern District of Louisiana for personal injuries and other damages allegedly suffered when a PHI helicopter made an emergency landing in the Gulf of Mexico in October, 1981. Pointing to a claimed diversity of citizenship, plaintiffs requested trial by jury. Because the sole basis of jurisdiction was maritime, the jury demand was properly stricken. PHI then filed third-party complaints against Sundstrand Corporation, the manufacturer of the helicopter's fuel pump, and Airwork Corporation, who repaired the pump before the accident. PHI filed a separate suit against Sundstrand and Airwork for damages sustained by the helicopter. This suit was later consolidated with the Fournier suit and the cases were set for a bench trial on August 30, 1984. After extensive discovery, PHI, with leave of court, added Allison Gas Turbine, the manufacturer of the engine, as a third-party defendant, and the case was rescheduled for trial in early 1985. Shortly before the trial, plaintiffs disclosed for the first time that in October 1982 they had filed, but withheld process in, a suit for damages seeking recovery from Airwork, Allison, Sundstrand and Bell Helicopter Textron. PHI, a non-diverse party, was not named as a defendant. This diversity suit, aptly termed the "mystery" suit by appellees, was consolidated with the admiralty suit and then dismissed by the district court for want of prosecution. The Fourniers appeal the dismissal of the mystery suit.
 
 II
 
 3
 The Fourniers argue that their suit was filed within the period of limitations and before the amendment of Rule 4 requiring good cause for failure to issue process within 120 days of suit. The argument continues that defendants suffered no prejudice by their 32-month delay in issuing process, and that the dismissal deprives them of their constitutional right to trial by jury.
 
 
 4
 Appellees reply that the court was justified in its dismissal because they were prejudiced and alternatively as a sanction for unexplained delay. They also argue that the Fourniers are attempting to assert jurisdiction for a direct claim against a third-party defendant whose citizenship is non-diverse; relatedly, the plaintiffs are attempting to manufacture jurisdiction.
 
 III
 
 5
 We have emphasized the necessity for prompt service of process and have sustained district courts insisting through dismissal upon that practice under an abuse of discretion standard of review. Porter v. Beaumont Enterprise & Journal, 743 F.2d 269, 271 (5th Cir.1984). Indeed, the amendment of Rule 4 by the addition of subsection (j) reflects this strong judicial policy. See Veazey v. Young's Yacht Sale and Service, Inc., 644 F.2d 475 (5th Cir.1981). In Veazey, we explain that:
 
 
 6
 We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available.
 
 
 7
 644 F.2d at 478. We have also looked for the presence of three "aggravating factors" in upholding dismissals for delaying service of process: the extent to which plaintiff rather than his counsel, is personally responsible for the delay; the degree of prejudice to the defendants; and whether the delay is the result of intentional conduct. Porter, 743 F.2d at 272; Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir.1982).
 
 
 8
 The Fourniers argue that the defendants are not prejudiced because discovery in the two suits in which issue was joined has proceeded in due course. This reasoning is flawed. Justification for delaying the issuing of process and the prejudice necessary to support a dismissal for want of prosecution are inevitably related inquiries. A prejudicial effect tolerable in the face of an explained delay may well be unacceptable without that explanation. Where, as here, the delay is tactical, and little more than gamesmanship, we are less forgiving. Regardless, defendants are prejudiced by this untimely assertion, at least sufficiently given plaintiffs' purpose, to warrant dismissal. The parties have engaged in discovery and prepared their expert witnesses for a bench trial, and not a trial by jury. This prejudice is not great, and alone, if the delay were explainable, might not be enough; but there is more. In addition to the protection of the parties from the prejudicial consequences of delay, this dismissal finds support in the district court's authority to manage and develop complex litigation. The district court and magistrates have engaged in extensive pretrial proceedings of the consolidated cases, unaware that plaintiffs all the while had another suit in their hip pocket, the late pursuit of which flushes a whole covey of new jurisdictional problems. District courts have the power to prevent such abuse. Otherwise stated, the inquiry into whether delay has been harmful is not confined to the parties alone, but extends as well to its impact upon the process itself and the district court's duty to manage it. Persuaded that the district court was well within its discretion in dismissing this suit for want of prosecution, we do not reach the other asserted justifications for that dismissal.
 
 
 9
 AFFIRMED.