**Carol TAYLOR, Plaintiff-Appellant,**

v.

**COMBUSTION ENGINEERING, INC.,
Defendant-Appellee.**

**No. 85–2465
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1986.

Cooper & Cooper, Gordon R. Cooper, II, Houston, Tex., for plaintiff-appellant.

Baker, Smith & Mills, Lawrence J. McNamara, Dallas, Tex., for defendant-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Acting pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, ostensibly on the merits but in what we perceive to be the de facto imposition of a sanction, the district court dismissed the employment discrimination case of Carol Taylor. Concluding that the district court erred, we vacate and remand for further proceedings.

Taylor, a senior computer operator, invoked 42 U.S.C. §§ 2000e *et seq.*, and alleged that the decision of her employer, Combustion Engineering, Inc., denying her a promotion to shift supervisor, was impermissibly gender-based. The case was first

docketed for trial on November 5, 1984, at which time both parties announced ready, but it was not reached and was rescheduled for November 13, 1984. On that date Taylor's counsel was ill and the case was continued without date. On November 19, 1984 the parties were notified that the case would be heard beginning at 1:30 p.m. the following day.

Upon receipt of the November 19, 1984 notification Taylor's counsel immediately issued a subpoena to Jack Murdock who had supervised Taylor's work. Taylor's competence and level of performance were a critical issue in the case, as reflected by the pleadings, contentions of the parties in the pretrial order, evidence, proposed findings of fact, and the court's actual findings of fact. In the pretrial order Murdock was listed by Taylor as a witness who would "testify regarding Ms. Taylor's work traits, problem-solving skills, her ability to motivate, direct and lead others and her interpersonal skills."

Murdock's subpoena was received by the process server at 9:32 a.m. on November 20, 1984. Three attempts to serve Murdock at 11:30 a.m., 12:10 p.m. and 1:30 p.m. were unsuccessful. Murdock was finally served on the fourth try that day, at 4:20 p.m.

The trial began at 1:30 p.m. on November 20, 1984 and continued until 4:40 p.m. when plaintiff's second witness finished testifying. Taylor's counsel informed the court that he had one more witness, Murdock, whom he hoped had been served and who would be presented the next morning. Counsel implicitly requested that the case be recessed until that time. It was obviously late in the day. The trial court refused counsel's request and concluded the plaintiff's presentation of evidence. The record contains the following colloquy:

MR. WHALEY [plaintiff's counsel]: Your Honor, that is the last witness I have for today. There is another witness, Mr. Jack Murdock. A subpoena was issued; however, I don't know if he has received it by now. Hopefully I'm going to check with the process server to make sure its been served, and he will be present at tomorrow's court.

THE COURT: You have one more witness?

MR. WHALEY: Yes, sir.

MR. McNAMARA [defense counsel]: Your Honor, we believe that there is still time left in today, and that, frankly, Mr. Whaley should have had his witness here. This case almost went to trial a week ago, and theoretically subpoenas should have been issued at that time.

MR. WHALEY: It was issued.

THE COURT: You don't know whether it's been served?

MR. WHALEY: It was not issued at that time because he contacted us in time to withdraw; not have it served.

However, the process-server was contacted yesterday evening. He went out this morning to attempt to serve him. He was not at his job. He was going to his home. There was a problem in getting physically to the neighborhood, Your Honor.

THE COURT: What was the problem?

MR. WHALEY: Traffic, or some kind of—

THE COURT: Do you have any further witnesses at this time that can come here and testify right now?

MR. WHALEY: No, Your Honor.

THE COURT: All right. You rest. All right.

After ruling that Taylor had rested, the district court granted defendant's Rule 41(b) motion for dismissal. Six months later the trial court entered findings of fact and conclusions of law which reach the merits and which dismiss Taylor's action for failing to prove that the decision to promote the other employee "was based upon a consideration of her gender."

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure governs involuntary dismissals. It provides the basis for a sanction dismissal when the plaintiff fails to prosecute the action or fails to comply with an order of

the court. It also provides for a dismissal on the merits, at the conclusion of plaintiff's presentation of evidence, if the plaintiff has not demonstrated a factual and legal "right to relief." The rule declares:

**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Taylor correctly contends that a dismissal based on a consideration of the merits was not warranted because she had not completed the presentation of her evidence. She maintains that the testimony of Murdock was material, relevant and essential.

Rule 41(b) empowers the trial court, in a bench trial, to dismiss the case at the close of the plaintiff's evidence. *St. Bernard General Hospital, Inc. v. Hospital Service Assn.*, 712 F.2d 978 (5th Cir.1983). Dismissals under this rule are appropriate where the plaintiff fails to carry the requisite burden of proof. *Junior v. Texaco, Inc.*, 688 F.2d 377 (5th Cir.1982); *Crawford v. Western Electric Co., Inc.*, 614 F.2d 1300 (5th Cir.1980). We have cautioned against a promiscuous or premature use of this authority, admonishing the trial courts "[e]xcept in unusually clear cases [to] carry the defendant's Rule 41(b) motion with the case—or simply deny it, since the effect will be the same—, let the defendant put on his evidence, and then enter a final judgment at the close of the evidence." *Riegel Fiber Corp. v. Anderson Gin Co.*, 512 F.2d 784, 793 n. 19 (5th Cir.1975); *accord White v. Rimrock Tidelands, Inc.*, 414 F.2d 1336, 1340 & n. 7 (5th Cir.1969).

Our colleagues in the Ninth Circuit expressly agreed with our application of this rubric in *Securities & Exch. Com'n v. Murphy*, 626 F.2d 633 (9th Cir.1980), after reaching the same conclusion in *Carpet Seaming Tape Licensing v. Best Seams, Inc.*, 616 F.2d 1133, 1137 n. 3 (9th Cir.1980):

In conjunction with this point, it is worthwhile to repeat the admonition found in both case law and treatise that despite the obvious value in expeditious disposition of cases, Rule 41(b) motions should be granted only in clear cases and "in the interest of obtaining a full and complete picture for both the trial and the appellate court it may be advisable to deny the defendant's motion, put the defendant to its proof, and then decide the case when all the evidence has been adduced."

*Accord, Lentino v. Fringe Emp. Plans, Inc.*, 611 F.2d 474 (3d Cir.1979).

■ The trial court should have declined defendant's 41(b) motion if it was premised, as the findings alone would indicate, on an evaluation of the merits at the completion of the presentation of Taylor's evidence. Taylor had not completed the submission of her evidence and a 41(b) merits disposition was inappropriate. That leaves for our consideration a 41(b) sanction dismissal. The record before us does not support the imposition of the ultimate sanction.

The district court has the power, both specific and inherent, to control its docket. This includes the power to dismiss a case which is not being properly pursued. *Burden v. Yates*, 644 F.2d 503 (5th Cir.1981). The application of the draconian sanction of

528

dismissal is only appropriate, however, in egregious cases where there is a clear record of contumacious conduct and the record reflects that lesser sanctions would not be adequate. *Morris v. Ocean Systems, Inc.*, 730 F.2d 248 (5th Cir.1984), *citing Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir.1982).

 The record before us contains no suggestion of purposeful delay or any other conduct which might be characterized as contumacious. The case was not reached when first set, was continued once because of illness of counsel, and was reset upon a one-day notice. Counsel acted promptly to subpoena the witness he had listed in the pretrial order. The process server made four attempts, in a matter of hours, before finally effecting service. When the plaintiff's last available witness finished testifying the hour was late, it was within minutes of the time when trials typically recess for the day. No fault is to be assigned to plaintiff's counsel because the process-server did not make an earlier service on Murdock.

Equally and, for purposes of the sanction of dismissal, of more importance, is the fact that no fault is to be assigned to Taylor for this situation. As we have earlier stated: "We subscribe to the view that involvement of the litigant in the delay is a material factor in weighing remedies and when the litigant is not involved dismissal should be the last, grudgingly granted resort." *Veazey v. Young's Yacht Sale & Service, Inc.*, 644 F.2d 475, 478 (5th Cir. 1981). This follows our holding in *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1958), in which we reversed a dismissal upon a finding that the client was not a party to the dilatory conduct of his counsel. The record before us does not support a 41(b) dismissal entered as a sanction for misconduct.

The judgment appealed is vacated and the matter is returned to the district court for further proceedings consistent herewith. In doing so, we express no view whatever on the merits. We conclude only that neither a dismissal as a sanction nor a dismissal on the merits is appropriate under Rule 41(b), considering the factual, procedural, and legal posture of this case.

VACATED and REMANDED.