EMILIO M. GARZA, Circuit Judge, dissenting in part:
I respectfully dissent from that part of the majority’s opinion affirming the dis *421 missal of those claims that would be barred by the statute of limitations.
It is well-established that a dismissal with prejudice is “an extreme sanction that deprives a litigant of the opportunity to pursue his claim.” Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir.1980). Accordingly, “[w]e will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.” Berry v. CIGNA, 975 F.2d 1188, 1191 (1992).
In this case, the district court did not consider or employ lesser sanctions. In fact, the district court did not intend to dismiss the case with prejudice to a future filing at all: “The court declines to dismiss this case with prejudice and, in its discretion, dismisses it instead without prejudice.” It is only by operation of the statute of limitations, an issue that was not before the district court and of which it had no notice, that the dismissal became prejudicial as to certain claims. See McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 556 (5th Cir.1981) (“Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.”). In such circumstances, we have consistently vacated and remanded to the district court for an initial determination regarding the use or futility of lesser sanctions. See, e.g., Hatchet v. Nettles, 201 F.3d 651, 653 (5th Cir.2000); Long v. Simmons, 77 F.3d 878, 880 (5th Cir.1996); Berry, 975 F.2d at 1191; Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981); Gray v. Fid. Acceptance Corp., 634 F.2d 226, 228 (5th Cir. Unit B Jan.1981); Boazman v. Econ. Lab., Inc., 537 F.2d 210, 213 (5th Cir.1976); Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir.1972).
The majority rejects the Berry standard and the litany of prior cases counseling remand. Instead, it relies upon Porter v. Beaumont Enterprise & Journal, 743 F.2d 269 (5th Cir.1984), Rogers v. Kroger, 669 F.2d 317 (5th Cir.1982), and Veazey v. Young’s Yacht Sale & Service, 644 F.2d 475 (5th Cir. Unit A May 1981), for the suggestion that an express determination of futility or the use of lesser sanctions by the district court is unnecessary. In the majority’s view, this court may independently determine, without the district court’s intimate understanding of the vagaries of the case and the issues facing the parties, whether there is a “a clear record of delay or contumacious conduct by the plaintiff’ and whether “a lesser sanction would not better serve the interests of justice.” Id. at 477.[1] Applying those cases, the majority opines that no lesser sanction would better serve the interests of justice based upon an ill-advised rule of law for service of process dismissals.
The majority’s reliance on these cases is misplaced because they differ from this case, and the Berry-1 ine of cases, in one critical respect. The district courts in Porter, Rogers, and Veazey all intentionally and expressly dismissed with prejudice. *422 Where the dismissal is with prejudice, the district court implicitly rejected lesser sanctions as futile, opting instead for the most severe sanction. In such situations, an appellate court may properly assume that the district court considered lesser sanctions futile and review that determination against the record. If, however, the district court dismissed without prejudice and did not address the potential effect of the statute of limitations, as in this case, there can be no implicit district court determination regarding futility for the appellate court to review. In fact, there is no guarantee that the district court considered the full import and effect of its dismissal at all. See McNeal v. Papasan, 842 F.2d 787, 794 (5th Cir.1988) (noting that the “harshness of the sanction” demands that the district court be the first to “examine! ] all the circumstances ..., test! ] those circumstances by the correct standard, and supplement! ] the record in a way which lets us understand that it has complied with those standards”); Hornbuckle v. Arco Oil & Gas Co., 732 F.2d 1233, 1237 (5th Cir.1984) (“When a district court dismisses an action with prejudice for counsel’s failure to prosecute, such findings of fact are essential for our consideration of the inevitable argument that the dismissal was an abuse of its discretion.”).
The majority declines to decide whether the standard in Berry is in tension with the standard in Rogers and Veazey. Rather, it simply concludes that Rogers and Veazey are earlier in time and, therefore, must present the correct standard. In my view, our cases are consistent and display a common-sense approach to dismissals that are prejudicial, by intent or effect, to a future filing. Where a district court dismisses with prejudice, this court may find an abuse of discretion where we determine that lesser sanctions would better serve the interests of justice. See, e.g., Porter, 743 F.2d at 270.[2] But, where a district court dismisses without prejudice and is unaware that the dismissal is effectively with prejudice because, for example, the statute of limitations has run, this court will find an abuse of discretion unless, through conduct or statement, the district court gave some indication that lesser sanctions would be futile. See, e.g., Berry, 975 F.2d at 1192. Unfortunately, the majority elides the rule of law evident in our cases.
Because the district court did not intend to dismiss the case with prejudice to a future filing and because it did not expressly consider or apply lesser sanctions, our cases require that we vacate and remand.[3] Accordingly, I dissent from the majority’s opinion affirming the district court’s unintended dismissal with prejudice. I would leave to “the discretion of the district court the decision on the pre *423 cise sanction which should be applied” and note that the “district court might reimpose the dismissal” with prejudice should it “find on remand that [plaintiffs] conduct was contumacious and that dismissal with prejudice is the least sanction which would serve the ends of justice.” McNeal, 842 F.2d at 794.

. See Estate of Solis-Rivera v. United States, 993 F.2d 1, 3 (1st Cir.1993) (remanding because a "district court, which has direct and continuous contact with attorneys, is best able to judge in the first instance whether an attorney's misconduct is sufficiently egregious to warrant the 'death knell’ of a lawsuit ... or whether some lesser sanction would be more appropriate” (citation omitted)); Ciralsky v. CIA, 355 F.3d 561, 674 (D.C.Cir.2004) (similar).

. Appellate review begins with any district court action or statement evidencing the futility of lesser sanctions. See Porter, 743 F.2d at 272 ("Besides the clear record of delay, the district court did impose a lesser sanction before dismissing the case with prejudice.”); Rogers, 669 F.2d at 321 ("[T]here is nothing in the district court’s order and opinion or the record indicating that less severe sanctions were considered and found to be futile or contrary to the interests of justice.”).

. In footnote 9, the majority asserts that "Appellant never raised, in the district court, the limitations bar as a reason not to dismiss." See supra n.9. (More accurately, neither party raised the issue before the district court.). It is clear from the record, however, that Appellant's counsel absented himself from the case without withdrawing and without notice to his client or the court. Although Appellant never raised the limitations bar as a reason not to dismiss, whether Appellant’s case should be dismissed with prejudice under these circumstances is a question the district court should consider in the first instance.