United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30852
Summary Calendar
_____

RICKEY BARNES,

Plaintiff-Appellant,

versus

DAVID JOHNSON; RUSSELL BORDELON; BILLY MONTGOMERY; CLINT BOND;
HARVEY SLATER; JOHN DOE, Security Officer; JOHN DOE, Security
Officer; JOHN DOE, Security Officer; PETE HEFLIN; UNKNOWN DAVIS;
UNKNOWN ORR; JOHN DOE, Classification Officer; JOHN DOE, Mental
Health Officer; JOE SERIO; BRYAN JUNEAU; UNKNOWN MILLS; RICHARD
STALDER; SHIRLEY COODY,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CV-83-D-M1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Rickey Barnes, Louisiana prisoner # 119466, appeals the
dismissal of his pro se 42 U.S.C. § 1983 civil rights action.
Barnes alleged that the defendants used excessive force against him
and were deliberately indifferent to his resulting serious medical
needs.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed the allegations against defendants Montgomery and Barnes for failure to state a claim. We review such a dismissal de novo. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). To state an Eighth Amendment excessive force claim, a plaintiff must allege that the force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and that he suffered an injury. See Hudson v. McMillian, 503 U.S. 1, 7 (1992). Barnes made no allegation in his complaint that he suffered any injury as a result of the macing by Montgomery and Barnes; he alleged only that he immediately rinsed his face and eyes. Accordingly, the district court's dismissal of the excessive-force claim against defendants Montgomery and Bond is affirmed.

We review de novo the district court's grant of defendant Slater's motion for summary judgment. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper where the pleadings and summary judgment evidence present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court may not weigh the evidence nor make credibility determinations. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Barnes verified his complaint in a form substantially similar to that set forth in 28 U.S.C. § 1746. R. 1, 59. His complaints and allegations set forth therein are thus considered competent summary judgment evidence. See King v.

Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (a verified complaint may serve as competent summary-judgment evidence).

Barnes's allegations of severe injury directly contradict the defendants' summary-judgment affidavits stating that Barnes sustained only a bruise to the inside of his lip. Even if the medical records show that Barnes could prove only that he suffered a bruised lip, this is not a per se de minimis injury. The district court did not evaluate this injury in light of the remaining Hudson factors, i.e., need for the application of force, relationship between the need and use of force, threat perceived by the official, and efforts made to temper the severity of the response. See Hudson, 503 U.S. at 6-7. Without this inquiry and analysis of the allegations in light of the Hudson factors, it cannot be said that the force used by Slater was de minimis or that the injury suffered by Barnes was de minimis. See id. at 7; see also Williams v. Bramer, 180 F.3d 699, 703-04 (5th Cir. 1999). Accordingly, the summary judgment in favor of Slater is VACATED and this case is REMANDED for further proceedings.

Barnes challenges the dismissal of the three unidentified, unserved CET members. We review this dismissal under Federal Rule of Civil Procedure 4(m) for an abuse of discretion. Fournier v. Textron Inc., 776 F.2d 532, 534 (5th Cir. 1985). Under Rule 4(m), if a defendant is not served within 120 days of the filing of the complaint, the district court "shall dismiss the action without prejudice as to that defendant or direct that service be effected

within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Id.; see Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996).

It is not clear from the record that the district court considered whether Barnes had shown good cause or whether a permissive extension of time for service was warranted. A review of the record supports Barnes's assertion that the names of these CET members do not appear in the record. On this record, we conclude that the district court abused its discretion in summarily dismissing the three unserved, and as yet unidentified, CET members. Accordingly, we VACATE the dismissal of these three defendants and REMAND to the district court.

Barnes argues that the district court erred in dismissing for failure to state a claim his allegation that Dr. Heflin was deliberately indifferent to his serious medical needs. To state a claim of deliberate indifference to medical needs, the plaintiff must allege facts showing that the defendant denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and the delay results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Barnes's assertion that he had to wait three hours at the prison hospital before he was seen by Dr. Heflin does not clearly evince any official dereliction or indifference by Heflin; Barnes likely would have had a similar wait in a real-world emergency room. Additionally, Barnes's assertion that Heflin did no more than a cursory examination but did not conduct a more through "physical" examination or take x-rays alleges, at most, negligence or medical malpractice, which do not give rise to a § 1983 cause of action, and an inmate's disagreement with his medical treatment does not establish a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Barnes did not plead any facts which, if proved, would establish that Heflin denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints. See Domino, 239 F.3d at 756. Accordingly, the district court did not err in dismissing the claims against Heflin, and this portion of the district court's judgment is AFFIRMED.

Barnes explicitly abandons on appeal any issues regarding the dismissal of his claims against Johnson and Bordelon and the district court's denial of discovery. He does not argue on appeal that the district court erred in dismissing the other defendants and has abandoned any such arguments by failing to brief them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, the district court's dismissal of these defendants and the denial of discovery are AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART; ALL OUTSTANDING MOTIONS ARE DENIED.