United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-20810
Summary Calendar

SUE A. COLE,

Plaintiff-Appellant,

VERSUS

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
USDC No. 04-CV-4720

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant appeals the dismissal of her case for want of prosecution and the later denial of her Motion to Vacate the Order of Dismissal. For the following reasons, we vacate the district court order dismissing plaintiff's case for want of prosecution, and remand the case to the district court for

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reinstatement on the docket and for further proceedings.

                                  I.

Plaintiff, Sue Cole, filed an application for Disability Insurance Benefits and Supplement Security Income. After the denial of her claims initially and on reconsideration, she received an administrative hearing. The administrative law judge ("ALJ") found that Cole was not disabled. Cole requested relief from the Appeals Council, which was denied. She then filed a complaint in federal district court seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The district court issued an order remanding Cole's case to the ALJ for further administrative proceedings, concluding that the ALJ's decision was not supported by the evidence.

On remand, the ALJ found Cole not disabled, and again, the Appeals Council denied Cole's request for review of the ALJ's decision. On December 16, 2004, Cole filed a second complaint in federal district court seeking review of the Commissioner's decision. On July 3, 2005, the district court entered an Order of Dismissal for Want of Prosecution because Cole failed to serve summons on the defendant within 120 days as required by Federal Rule of Civil Procedure 4(m). The record does not reflect that the district court provided notice to Cole, as required by Rule 4(m), before it dismissed the suit. Cole filed a Motion to Vacate the Order of Dismissal and for Extension of Time for Service which the district court denied. The prescriptive period has expired and the

                                  2

dismissal effectively ends this action.[2]

## II.

Under Rule 4(m)[3] of the Federal Rules of Civil Procedure, if service of summons and complaint is not made upon a defendant within 120 days after a complaint is filed, after giving notice to plaintiff, the court shall dismiss the action without prejudice or direct that service be effected within a specified time, provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m)(1993). A dismissal under Rule 4(m) for failure to obtain service of process is reviewed for an abuse of discretion. *Fournier v. Textron Inc.*, 776 F.2d 532, 534 (5th Cir. 1985).

Appellant argues, and appellee agrees, that where the applicable statute of limitations bars future litigation, the

---

[2]See note 3 infra.

[3]Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
> Fed.R.Civ.P. 4(m)(1993).

3

standard of review for the district court's dismissal should be the same as is used when reviewing a dismissal with prejudice. *See Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210 (5th Cir. 1976) (cited in *Gray v. Fidelity Acceptance Corp.,* 634 F.2d 223 (5th Cir. 1981))(explaining that "where...the statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed, we fail to see how a dismissal without prejudice is any less severe than a dismissal with prejudice." *Boazman,* 537 F.3d at 213). Cole and the Commissioner agree that the dismissal of her suit has the effect of a dismissal with prejudice[4] and thus should be reviewed under a heightened standard of review: dismissal with prejudice is warranted only where a "clear record of delay or contumacious conduct by the plaintiff" exists and a "lesser sanction would not better serve the interests of justice." *Gray*, 634 F.2d at 227.

The government did not oppose Cole's motion in the district court to reinstate this case to the docket and in this appeal does not oppose reinstatement in light of: (1) the failure of the district court to give Cole notice of dismissal and (2) the district court's failure to find a clear record of contumacious

---

[4]Cole's cause of action arises under 42 U.S.C. § 405(g), which mandates that a plaintiff commence a civil action in federal district court within 60 days following the mailing of the Appeals Council's denial of request for review. 42 U.S.C. § 405(g). Because the district court dismissed Cole's suit after the expiration of the 60-day time period, Cole is time-barred from refiling her suit.

4

conduct by plaintiff.

The record does not support the dismissal under Rule 4(m). It reveals that the district court did not give notice of its intent to dismiss for failure to prosecute and the court made no finding of a clear record of delay or contumacious conduct by plaintiff, which the record would not support. We therefore vacate the order of dismissal and remand this case to the district court with directions to reinstate this case on the docket.

VACATED and REMANDED.