# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2008

No. 07-40451

Charles R. Fulbruge III
Clerk

SPENCER GARTIN, Individually and as Personal Representative of the Estate of Sabrina Gartin, Deceased; DONNA GARTIN, Individually and as Personal Representative of the Estate of Sabrina Gartin, Deceased

Plaintiffs – Appellants

v.

PAR PHARMACEUTICAL COMPANIES, INC., a Delaware Corporation, aka and/or dba PAR Pharmaceutical Inc and/or as Pharmaceutical Resources Inc Foreign Corporation

Defendant – Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-cv-00128

Before KING, HIGGINBOTHAM, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Spencer and Donna Gartin appeal the district court's grant of Par Pharmaceutical, Inc.'s motion to quash summons and return of service and the dismissal of their claims against this defendant. We review the district court's dismissal for an abuse of discretion. Finding none, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEDURAL BACKGROUND

The backdrop for the procedural issues that now confront this court is the tragic death of the Gartins' fifteen year old daughter, Sabrina. In November 2004, Sabrina Gartin was prescribed fluoxetine, a generic form of the antidepressant drug Prozac. Four months later, on March 28, 2004, Sabrina Gartin committed suicide.

On March 27, 2006, one day before the relevant Texas statute of limitations expired, the Gartins filed a wrongful death suit in the United States District Court for the Eastern District of Texas and named the Defendant(s) this way: "Par Pharmaceutical Companies, Inc., a Delaware corporation, a/k/a and/or d/b/a Par Pharmaceutical, Inc., and/or as Pharmaceutical Resources, Inc., foreign corporations, Black and White Corporations IV and Black and White Corporations I-V, Defendants." The Gartins alleged that Sabrina's suicide was caused by her use of fluoxetine, which they claimed was "manufactured and marketed by the Defendants." On April 18, 2006, the Gartins' counsel, Andy Vickery, mailed a Notice of Lawsuit and Request for Waiver of Service of Summons to "Defendants, Par Pharmaceutical Companies, Inc., a Delaware corporation, a/k/a and/or d/b/a Par Pharmaceutical, Inc., and/or as Pharmaceutical Resources, Inc., foreign corporations, by and through their attorney of record, Joseph P. Thomas, Esq." On June 21, 2006, having received no response from the entities listed in the notice and waiver, Vickery asked counsel for Par (Joseph Thomas) whether the waiver would be returned. He was informed that Par "declined to sign the notice."

On June 28, 2006, the district court issued a "Notice of Impending Dismissal," informing the parties that, although ninety days had passed since the filing of the Gartins' complaint, none of the defendants had been served in accordance with Federal Rule of Civil Procedure 4. The notice reiterated that under Rule 4(m) service of process must be completed within 120 days of filing

a complaint. The Notice also advised the Gartins that, if more than 120 days would be needed to serve any of the defendants, their counsel must request an extension from the court on or before July 25, 2006 (the expiration of the 120-day service deadline). If dismissal of the case as to any unserved defendant was agreeable, the Gartins were not required to act.[1]

On June 30, 2006, pursuant to the Gartins' request, the clerk of the court issued a summons to:

> Par Pharmaceuticals Companies, Inc., a Delaware corporation, a/k/a and/or d/b/a Par Pharmaceutical, Inc. and/or as Pharmaceutical Resources, Inc., c/o its Registered Agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, New Castle County, Delaware, 19808.

The Gartins' attorney sent the summons and a copy of the complaint via certified mail in an envelope addressed to "Par Pharmaceutical Companies Inc." in care of its registered agent. The attorney later filed a return of service indicating that Par Pharmaceutical Companies, Inc. had been served on July 10, 2006.

On July 31, 2006, Par Pharmaceutical Companies, Inc. filed a motion to dismiss for lack of personal jurisdiction and insufficiency of service of process. No other Par entity responded to the summons. Par Pharmaceutical Companies, Inc. asserted that it neither marketed nor manufactured fluoxetine in Texas and therefore was improperly served. The Gartins responded to the motion by arguing that jurisdiction over Par Pharmaceutical Companies, Inc. was proper because it was one and the same with Par Pharmaceutical, Inc., its wholly-owned subsidiary. Alternatively, the Gartins argued that they had sued all Par entities, but were willing to dismiss Par Pharmaceutical Companies, Inc. if Par Pharmaceutical, Inc. remained in the suit and the court permitted the Gartins to effectuate service on them.

---

[1] On August 3, 2006, the district court dismissed Black and White Corporation IV and Black and White Corporations I-V pursuant to Rule 4(m) because those companies had not been served. The Gartins did not object to the dismissal of these defendants.

A case management conference was held on October 20, 2006, during which the parties discussed whether the Par entities were one and the same for purposes of the Gartins' suit and whether both entities had been sued. The district court indicated that it would not issue a ruling on the motion to dismiss until sometime in November. Shortly after the conference, on October 23, 2006, the Gartins' attorney procured a summons to "Par Pharmaceutical, Inc." in care of its registered agent, Corporation Service Company (the same agent appointed by Par Pharmaceutical Companies, Inc.). Par Pharmaceutical, Inc. was served on October 25, 2006, and subsequently filed a motion to quash summons and return of service and to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(4), relating to insufficiency of process, and Rule 12(b)(5), relating to insufficiency of service of process. The Gartins responded by filing a motion to extend the time for service.

The district court first granted Par Pharmaceutical Companies, Inc.'s motion to dismiss for lack of personal jurisdiction. The district court then granted Par Pharmaceutical, Inc.'s motion, quashing the summons and return of service and dismissing without prejudice all claims against it. In so doing, the district court acknowledged that the two-year statute of limitations "may have run," thus barring a subsequent suit by the Gartins. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon 2005). The district court found that Plaintiffs failed to name Par Pharmaceutical, Inc. as a defendant. Alternatively, the district court found that even if Par Pharmaceutical, Inc. was a named defendant, the court would not permit the Gartins an extension of time for service because they could not demonstrate "good cause" for their failure to serve within 120 days.

The Gartins appealed only the grant of Par Pharmaceutical, Inc.'s motion, arguing that the district court erred in granting the motion to quash service and return of service and dismissing their claims against Par Pharmaceutical, Inc.[2]

## II. DISCUSSION

As noted above, Par Pharmaceutical, Inc. moved to dismiss the Gartins' suit under both Rule 12(b)(4) and Rule 12(b)(5). The district court cited both rules as authority for granting Par Pharmaceutical, Inc.'s motion to dismiss.[3] We review an order quashing service and granting dismissal for failure to effect timely service of process for an abuse of discretion. Lindsey v. United States R.R. Ret. Bd., 101 F.3d 444, 445 (5th Cir. 1996). "A district court necessarily abuses its discretion if its ruling is based on an erroneous view of the relevant legal standards or on a clearly erroneous assessment of the evidence." Ratliff v. Stewart, 508 F.3d 225, 229 (5th Cir. 2007) (internal quotation marks omitted).

We can assume for purposes of this opinion that the Gartins' complaint sufficiently named Par Pharmaceutical, Inc. That is because, as we will discuss, even if that entity was properly named, the Gartins' efforts to serve it were deficient. Accordingly, we cannot say that the district court abused its discretion by refusing to extend the time for service in this case.

---

[2] While the Gartins' Notice of Appeal indicated that they were appealing the Final Judgment and all orders of the district court, the Gartins have not argued that the dismissal of Par Pharmaceutical Companies, Inc., for lack of personal jurisdiction was improper. Therefore, even if they initially intended to appeal this dismissal order, they have waived any argument that it was in error by failing to brief this issue on appeal. See Fed. R. App. P. 28(a)(9)(A); Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 500 n.1 (5th Cir. 2004).

[3] Generally speaking, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," while a "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1353. In cases like this one, where the alleged defect is that the defendant is misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or under Rule 12(b)(5) on the ground that the wrong party – a party not named in the summons – has been served. Id.

As noted above, the Gartins did not serve Par Pharmaceutical, Inc. with a summons and copy of the complaint until October 2006, approximately seven months after filing suit and 90 days after the time period permitted under Rule 4(m) had expired. The district court found that the Gartins failed to establish "good cause" for the delayed service and, thus, refused to extend the time permitted for completing service. The Gartins concede that their efforts to effect service were not "optimal," but argue that they demonstrated good cause for failing to effectuate service on Par Pharmaceutical, Inc. within 120 days. In the alternative, the Gartins argue that a showing of good cause was not necessary for an extension in their case.

Rule 4(m) permits the dismissal of a suit if the plaintiff fails to serve a defendant within 120 days of filing, but provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." The analysis under Rule 4(m) proceeds as follows:

> [W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.

Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original). This "good cause" under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995). In addition, courts normally require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified . . . ." Id.

1. Good Cause

We review the district court's good cause determination for an abuse of discretion. Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1022 (5th Cir. 1995).

6

The district court identified three reasons for rejecting the Gartins' argument that they had "good cause" for failing to effect service on Par Pharmaceutical, Inc. within 120 days:   (1) the delay of seven months was excessive; (2) the Gartins failed to seek an extension of time prior to the expiration of the original 120-day deadline; and (3) the Gartins were on notice from the inception of this lawsuit that they were required to serve Par Pharmaceutical, Inc. individually, but made no effort to do so.

The Gartins' arguments that they had "good cause" for failing to effect service within 120 days of filing suit are unpersuasive.  Essentially, they argue that the combination of confusing corporate nomenclature, uncooperative defense counsel, and their proper service on Par Pharmaceutical Companies, Inc. in the waning days of the Rule 4(m) period suffice to show good cause for failure to serve Par Pharmaceutical, Inc.  However, each named defendant must be served – that is, must receive summons and a copy of the complaint – within the 120-day period.  Fed. R. Civ. P. 4(m).  The Gartins adamantly insist, and we accept arguendo, that Par Pharmaceutical, Inc. was a named defendant, along with two other Par entities.  However, this only highlights their failure to serve separately the very Par entities that they maintain were separately named defendants.  This is a classic case of "mistake of counsel" or "ignorance of the rules," which does not suffice to establish good cause under Rule 4(m).

2. Extension of time absent good cause

The Gartins next argue that, even absent a finding of good cause, the district court abused its discretion by refusing to extend the time for service because the statute of limitations will bar them from refiling their suit.  They point out that in some contexts of a dismissal without prejudice that occurs after the limitations period has run, we apply the dismissal with prejudice standard of review.  See Berry v. CIGNA/RSI–CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).  "We will affirm dismissals with prejudice for failure to prosecute only

when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." Id. Even when a dismissal is with prejudice, we "view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available." Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 418 (5th Cir. 2006).

The Gartins want us to extend the Berry test beyond its usual application to dismissals based on a failure to prosecute. There is some ambiguity in the precedents,[4] but we need not decide today if the Berry test applies. Even if it does, we will explain why this dismissal still would be proper.

Applying Berry, we first perceive a "clear record of delay." As the district court noted, the Gartins were on notice from the inception of this suit that they were required to serve Par Pharmaceutical, Inc. separately. It still took them seven months to do so. Their service of Par Pharmaceutical Companies, Inc., is

---

[4] Though the additional analysis is typically applied to dismissals for failure to prosecute under Federal Rule of Civil Procedure 41(b), this court has used it to review dismissals for insufficient process and insufficient service of process under Rule 4. See Cole v. Barnhart, 193 F. App'x 279, 280-81 (5th Cir. 2006) (unpublished); Porter v. Beaumont Enterprise and Journal, 743 F.2d 269, 271 (5th Cir. 1984); see also Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 418 (5th Cir. 2006) (dismissal under Rule 41(b), but underlying basis was insufficient service); Veazey v. Young's Yacht Sale & Serv., Inc., 644 F.2d 475, 476-77 (5th Cir. 1981) (same). Further, this standard is to be applied to the "equivalent" of a Rule 41(b) dismissal. Berry, 975 F.2d at 1190; see also, Fed. R. Civ. P. 4, cmt. to subdivision (m) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."). A recent but non-precedential opinion of this court found that the clear delay/lesser sanctions analysis does not apply when a dismissal is "based solely on the provisions of Rule 4(m) and not Rule 41(b)." Newby v. Enron, No. 06-20658, slip op. at 7-8 n.3, 2008 WL 2605118, *3 n.3 (5th Cir. July 2, 2008) (unpublished).

irrelevant to our review of the record of delay. Each defendant must be served separately. When considering whether dismissal for insufficient service of process is appropriate, we must consider the Gartins' delay in relation to the specific defendant that has moved to quash service – Par Pharmaceutical, Inc. Looking to that record, we find a seven-month period of what can only be characterized as total inactivity. See Porter v. Beaumont Enter. and Journal, 743 F.2d 269, 271 (5th Cir. 1984).

Second, the district court's failure to resort to lesser sanctions is not fatal to the decision to dismiss the Gartins' suit. We noted some time ago that a "delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process." Veazey, 644 F.2d at 478. As such, a delay in service of process often gives rise to the type of situation in which "a lesser sanction would not better serve the interests of justice." Id. This is particularly true where the plaintiff, as is the case here, has engaged in a clear pattern of delay and neglect with respect to the defendant seeking dismissal under Rule 4(m). See Porter, 743 F.2d at 269. The district court's "Notice of Impending Dismissal" warned the Gartins that the defendants must be served or their suit would be dismissed. Further, the notice invited a request for the extension of time to serve any or all of the defendants. Although ample time was given, no request was made by the Gartins and Par Pharmaceutical, Inc. was not served within the 120-day period. The Gartins ignored the district court's sua sponte warning. There is no reason to believe that lesser sanctions would have been effective in this case.

Finally, we find the existence of at least one aggravating factor in this case.[5] Par asserts that it was prejudiced by the seven-month delay between

---

[5] Even when the two requisite factors are met, there should usually be at least one "aggravating factor" to warrant dismissal. Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982); but see Sealed Appellant, 452 F.3d at 418 (noting that aggravating factors need not "always" be present). Prior cases have identified three aggravating factors: (1) the delay was

service and filing. The Gartins filed their complaint one day before the statute of limitations expired (approximately two years after their cause of action accrued). They then waited another seven months to serve Par Pharmaceutical, Inc. Permitting an extension after such a delay is prejudicial by its very nature. Id. As we recognized in Veazey:

> To permit a delay in service when the complaint is served immediately prior to the running of the statute of limitations undercuts the purposes served by the statute. Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims.

644 F.2d at 478. Rule 4(m) must have some teeth if it is to avoid becoming a last-ditch, federal tolling mechanism for dilatory state tort claimants.

This is a close case on the district court's exercise of discretion, but close cases do not prevent discretionary dismissal. Even if the clear delay/lesser sanctions analysis is utilized, the district court did not abuse its discretion by refusing the Gartins' late request for an extension of time under Rule 4(m).

The judgment of the district court is AFFIRMED.

---

caused by the plaintiff, as opposed to her attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct. Berry, 975 F.2d at 1191.