# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2012

Lyle W. Cayce
Clerk

No. 11-30425
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNEST TURNER, also known as Baldie Turner, also known as B-Man Turner,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-343-2

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After Ernest Turner was convicted of conspiring to distribute and possess with intent to distribute five kilograms of cocaine hydrochloride in violation of 21 U.S.C. § 846, the district court entered a final forfeiture order against him in the amount of $10,000,000. Pursuant to Federal Rule of Criminal Procedure 32.2(e) and 21 U.S.C. § 853(p), the district court amended the final order of forfeiture to require the forfeiture of substitute property toward the satisfaction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30425

of the $10,000,000 forfeiture judgment.  Turner appeals the portion of the order requiring the forfeiture of $11,233 and $10,071.75 in currency.

"We review the district court's findings of fact under the clearly erroneous standard of review, and the question of whether those facts constitute legally proper forfeiture de novo." *United States v. Marmolejo*, 89 F.3d 1185, 1197 (5th Cir. 1996).

Turner contends that the Government failed to prove that the currency derived exclusively from his criminal offense, and, therefore, the district court erred by not holding a hearing to determine whether the property was properly subject to forfeiture.  But the Government was not required to prove that the currency derived from Turner's criminal offense to seize it under § 853(p).  *See* § 853(a), (p).  The district court was therefore not required to hold a hearing on the basis urged by Turner.

Any argument that the currency should have been exempt from forfeiture because it is needed to pay for legal representation also lacks merit.  "[N]either due process, nor the Sixth Amendment right to counsel, requires that assets needed to pay an attorney be exempted from restraining orders or, ultimately, from forfeiture." *United States v. Melrose E. Subdiv.*, 357 F.3d 493, 500 (5th Cir. 2004).

The district court's judgment is AFFIRMED.