# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2013

Lyle W. Cayce
Clerk

No. 12-40266
Summary Calendar

SHEILA BELL,

Plaintiff-Appellant

v.

CHILDREN'S PROTECTIVE SERVICES; JACK LAWRENCE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-MC-14

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sheila Bell and Christopher Bell appeal the district court's order denying their motion for leave to proceed in forma pauperis (IFP) in the district court in their 42 U.S.C. § 1983 civil action challenging the State's prior removal of their children from their custody. The denial of an IFP motion is an appealable decision. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir.1975)(superseded on other grounds by the Prison Litigation Reform Act as stated in *Thompson v. Drewy*, 138 F.3d 984, 986 (5th Cir. 1998)).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's denial of IFP status is reviewed for an abuse of discretion. *See Flowers*, 507 F.2d at 1244. Whether a party may proceed IFP in the district court is based solely upon economic criteria. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir.1976). Poverty sufficient to qualify does not require absolute destitution. *Adkins v. E.I. du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The central question is whether the movant can afford the costs without undue hardship or deprivation of the necessities of life. *Id.* at 339-40.

A litigant seeking authorization to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith. *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983); Fed. R. App. P. 24(a). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard*, 707 F.2d at 220 (internal quotation marks and citation omitted). Any non-frivolous issue on appeal is sufficient. *Id.*

The Bells submitted an affidavit in the district court, stating that they were both unemployed, had no income, no money in a bank account, and had numerous debts. The district court denied the IFP motion without providing any reasons concerning their financial eligibility, apparently solely because the Bells did not appear at the hearing on the IFP motion.

On appeal, the Bells have filed a motion for leave to proceed IFP in this court and a financial affidavit indicating that they are financially unable to afford the costs of the appellate filing fee without undue hardship. They have also shown that the appeal is non-frivolous and involves legal points arguable on the merits. Given that the Bells' affidavit indicated that they could not afford the costs of the filing fee without undue hardship, the district court's denial of the IFP motion without reasons was an abuse of discretion. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *Flowers*, 507 F.2d at 1244; *Courtney v. Havard*, 53 F.3d 1281, 1281 (5th Cir. 1995); *Green v. Estelle*, 649 F.2d 298, 302

(5th Cir. 1981).  As discussed above, the district court's inquiry is to be based solely on economic criteria.  *Watson*, 525 F.2d at 891.

Accordingly, the motion for leave to proceed IFP on appeal is GRANTED, and the district court's judgment is VACATED and the case is REMANDED for further proceedings.