# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2024

Lyle W. Cayce
Clerk

No. 22-40731

Larry Donnell Gibbs,

*Plaintiff—Appellant*,

*versus*

Jackson; Moton; Jared C. Oneal; John L. Ruffin; Joe Thomas,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:21-CV-484

Before Stewart, Clement, and Ho, *Circuit Judges*.

Edith Brown Clement, *Circuit Judge*:

Larry Donnell Gibbs's *pro se* complaint was dismissed for failure to timely effect service. Because the district court abused its discretion in denying Gibbs leave to proceed in forma pauperis, we REVERSE and REMAND.

I.

Gibbs filed a *pro se* complaint under 42 U.S.C. § 1983 against five officers of the Texas Department of Criminal Justice. Gibbs alleged that, on

No. 22-40731

March 21, 2020, another inmate stabbed him nine times and that two of the defendants—whom he identified only by their last names, Jackson and Moton—had allowed Gibbs to bleed out for forty-five minutes before rendering aid. Gibbs further alleged that, in retaliation for Gibbs filing a grievance about the officers' negligent response to his stabbing, three other officers—Jared Oneal, John Ruffin, and Joe Thomas—authorized or used excessive force against him on two separate instances, first in July 2020 and again in August 2020. Gibbs claims that these beatings caused swelling and bleeding in his brain which led to a seizure and resulted in post-seizure paralysis, confining Gibbs to a wheelchair.

Gibbs paid the filing fee but was unable to effectuate service upon the defendants himself. After a months-long back-and-forth process between Gibbs and the district court, Gibbs filed a motion to proceed in forma pauperis, which would have entitled him to have service made by a United States marshal, *see* FED. R. CIV. P. 4(c)(3), along with a copy of his inmate trust account statement showing a balance of $140.43. The magistrate judge denied his motion on three bases. First, the magistrate judge held that the motion to proceed in forma pauperis was moot because Gibbs had paid the filing fee. Second, the magistrate judge determined that, to the extent Gibbs was seeking in forma pauperis status for service, $140.43 was "sufficient funds to prosecute this action by serving the defendants." Third, the magistrate judge found that granting Gibbs leave to proceed in forma pauperis would be futile because he had not provided the addresses of the defendants as required for service of process. Gibbs's motion for reconsideration was denied, and his complaint was dismissed without prejudice. Gibbs timely appealed, and the district court granted him leave to proceed in forma pauperis on appeal.

## II.

We review the district court's decision to deny Gibbs leave to proceed in forma pauperis for abuse of discretion, which occurs when the basis for the decision was arbitrary or erroneous. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975). If the district court abused its discretion, we must reverse the dismissal for failure to serve process "unless the denial of pauper status neither prevented [Gibbs] from [serving the defendants] nor prejudiced [his] chances of [effecting service] or unless there was an adequate independent ground for the dismissal." *Id.* at 1245.[1]

## III.

The district court abused its discretion in denying Gibbs in forma pauperis status. First, the court held that "[s]ince [Gibbs] paid the filing fee in this action, [his] current motions to proceed *in forma pauperis* are moot." But "a person not a pauper at the commencement of a suit may become one during or prior to its prosecution," so it was error to deny Gibbs's application "simply because he made an initial decision to attempt to pay his own way." *Flowers*, 507 F.2d at 1245. Second, the court arbitrarily determined that the $140.43 in Gibbs's inmate trust account was "sufficient funds" for Gibbs to serve the defendants. As Gibbs represented in his motion for reconsideration,

---

[1] "If the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice," *i.e.*, dismissal "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512–13 (5th Cir. 2013) (quotation marks and citations omitted). Because Gibbs's § 1983 claims are subject to a two-year statute of limitations, *see King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015) (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)), at least some of Gibbs's claims would likely be time-barred. But we need not decide which standard applies because even under the more lenient abuse-of-discretion standard, the district court erred.

it would cost him $450 to pay for a United States marshal to effect service. And in any event, there is no requirement that an individual "be absolutely destitute" or spend "the last dollar they have" towards the payment of court costs to enjoy the benefit of in forma pauperis status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Third, the court found that granting Gibbs leave to proceed in forma pauperis would be futile because he had not "provid[ed] addresses of the defendants for service of process." But a district court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); s*ee also Bell v. Children's Protective Servs.*, 506 F. App'x 327, 327–28 (5th Cir. 2013) (finding abuse of discretion where the district court's denial of leave to proceed in forma pauperis rested on non-economic grounds).

The decision to deny Gibbs in forma pauperis status prejudiced his chances of effecting service. *See Flowers*, 507 F.2d at 1245. Indeed, had he been granted leave to proceed in forma pauperis, Gibbs would have been "entitled to rely upon service by the U.S. Marshals." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *see also* Fed. R. Civ. P. 4(c)(3) (requiring a district court to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court . . . if the plaintiff is authorized to proceed in forma pauperis"). And Gibbs's failure to provide current addresses for the defendants who were no longer employed by the Texas Department of Criminal Justice did not provide an "adequate independent ground" for dismissing his complaint. *See Flowers*, 507 F.2d at 1245. To the contrary, we have regularly reversed dismissals where, as here, a *pro se* plaintiff has been unsuccessful in serving former prison officials "simply because [the official's] employment status with the [prison] changed, and [the plaintiff] did not know how else to find [the official]." *Ancar v. Robertson*, No. 19-30524, 2022 WL 1792535, at *4 (5th Cir. June 2,

No. 22-40731

2022); *see also Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 447–48 (5th Cir. 1996) (finding abuse of discretion despite plaintiff's failure to "provide the addresses of all the parties that had to be served"); *Sanchez v. Perez*, No. 96-40049, 1996 WL 512289, at *2 & n.6 (5th Cir. Aug. 30, 1996) (reversing dismissal for failure to timely serve process where plaintiff had "attempted, in several ways, to obtain the new addresses of [the prison officials]" and "could get no response from the Texas Department of Corrections on the [officials'] current whereabouts").

## IV.

The judgment of the district court is REVERSED, and the case is REMANDED with instructions for the district court to permit Gibbs to proceed in forma pauperis in this action.