# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-10535
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2025

Lyle W. Cayce
Clerk

Kevin Greenidge,

*Plaintiff—Appellant*,

*versus*

Philip Michael Carter; Richard Gregory Tilford; Bob Eugene Guess,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1868

————————————————————————

Before Wiener, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

This appeal arises from an alleged contractual dispute between plaintiff-appellant, Kevin Greenidge, and three individuals: Richard Gregory Tilford, Bobby Eugene Guess, and Phillip Michael Carter. Greenidge asserted that he loaned $285,000 to Tilford, Guess, and Carter and their entity, North Forty Development, LLC, to support a real estate business

————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

venture. Greenidge alleges that the loan was never repaid so he sued, alleging breach of contract, tortious misrepresentation, and fraud. The district court ultimately dismissed Greenidge's case, without prejudice, because he failed to comply with numerous court orders, stopped prosecuting his case, and failed to effect service properly on his defendants. We AFFIRM.

A brief procedural history is in order. Greenidge filed a complaint alleging that he is owed the balance of the loan, plus interest, in connection with the North Forty business venture. The district judge identified a jurisdictional deficiency with Greenidge's complaint relating to diversity of citizenship, and Greenidge was instructed to cure those deficiencies, which he did by filing his first amended complaint. Greenidge then attempted to serve this amended complaint on the defendants. Although he successfully served Guess, his service on Tilford was questionable, and he failed to serve Carter.[1]

Greenidge then sought an entry of default, which the clerk granted as to Guess and Tilford. However, the district court denied a default judgment and ordered Greenidge to amend his complaint again because the facts pleaded were insufficient to support a default judgment. For example, the court observed that Greenidge "allege[d] that Defendants are members of North Forty, but attaches a promissory note signed only by Defendant Guess with no other information connecting Tilford and Carter to North Forty." The court held further that the fraud allegations in Greenidge's first

---

[1] The returned summons for Tilford shows that the complaint was served on the prison law librarian, although it is unclear whether this constitutes service through a designated agent under Rule 4(m). Regardless, such a determination is unnecessary for the disposition of this appeal. With regards to Carter, Greenidge filed a motion for substitute service, but the court denied that motion because Greenidge failed to include an affidavit showing dates on which he attempted service. Greenidge never cured this deficiency and Carter was never served with any iteration of the complaint.

No. 24-10535

amended complaint did not comport with Federal Rule of Civil Procedure 9's requirements. The request for default judgment also discussed entities that were never named in the action up to that point, and the request did not comply with the North District of Texas's local rules. The district court thus ordered Greenidge to amend his complaint and to serve this second amended complaint on all defendants before seeking a default judgment. Although Greenidge filed a second amended complaint, he failed to serve it on any of the defendants.

The district court sua sponte dismissed Greenidge's case, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), and, alternatively, pursuant to Rule 4(m). The court held that Greenidge had failed to prosecute his case, noting that five months had passed since he filed his second amended complaint and no service had been effectuated, and that three months had passed since Greenidge filed anything at all in the case. Alternatively, the court ruled that dismissal under Rule 4(m) was also appropriate because Greenidge (1) was told to effect service within sixty days following the filing of his second amended complaint, (2) had been warned about service deficiencies earlier in this case, and (3) had been made aware of the consequences of failure to effect service.[2] Although the court discussed the factors that support a dismissal with prejudice, observing that some of those factors existed in this case, it nevertheless dismissed Greenidge's case without prejudice.

_____

[2] At times throughout this suit, Greenidge had also been instructed to cease filing documents with the court as "pro se" when he was represented by counsel. He did not comply with this court directive either.

3

No. 24-10535

Greenidge sought reconsideration, urging the court to reinstate his case and to accept the earlier service attempts on the defendants. The district court was unpersuaded, stating:

> Even if the court found that Plaintiff's service on Mr. Tilford and Mr. Guess were sufficient in 2021 (which it does not), the court unequivocally ordered him to serve the Second Amended Complaint on "all Defendants." Therefore, the proofs Plaintiff rely [sic] on in this Motion still fail to comply with the court's orders because they pertain to service of the First Amended Complaint not the Second Amended Complaint.

Greenidge appealed.

We review a district court's Rule 41(b) dismissal for failure-to-prosecute for abuse of discretion. *McCullough v. Lynaugh*, 935 F.2d 1126, 1127 (5th Cir. 1988); *Riley v. Griffith*, 24 F.3d 238, 238 (5th Cir. 1994) (per curiam); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 439 (5th Cir. 2016) (affirming a Rule 41(b) dismissal for failure to comply with court orders because "the district court did not abuse its discretion"). We also review a dismissal under Rule 4(m) for failure to effect service for abuse of discretion. *Cole v. Barnhart*, 193 F. App'x 279, 281 (5th Cir. 2006) (citing *Fournier v. Textron, Inc.*, 776 F.2d 532, 534 (5th Cir. 1985)); *see Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (discussing the abuse of discretion standard in the context of Rule 4(m)).

The district court did not abuse its discretion when it dismissed Greenidge's case without prejudice under Rule 41(b). The record clearly demonstrates a lack of action on Greenidge's part for five months, despite the court's instruction to serve his second amended complaint. Moreover, "[w]hen a district court dismisses a suit without prejudice, we apply a less stringent standard of review because the plaintiff would be able to file his suit again." *Smith v. Bogalusa City*, No. 23-30707, 2024 WL 1156536, at *2 (5th

4

Cir. Mar. 18, 2024) (per curiam) (cleaned up). Greenidge does not allege that the statutes of limitations on his causes of action have run, rendering the dismissal de facto with prejudice, entitling him to a stricter standard of review. *See Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976). The district court did not abuse its discretion when it determined that Greenidge failed to prosecute his case on these facts.

Neither did the district court abuse its discretion in refusing to accept the service of process for Greenidge's first amended complaint, in lieu of service of the second amended complaint. The district court observed that no effort was made to serve the three defendants with the second amended complaint. The only proof Greenidge provided to support service of process was his contention that the 2021 service of his first amended complaint should count. But the district court expressly ordered him to serve the second amended complaint on each defendant, and warned him of the consequences of noncompliance. Moreover, Greenidge provided no reason for his delay to effect service, and, on appeal, his sole argument is that service of his first amended complaint should satisfy Rule 4(m)'s requirements. That position is entirely unsupported by law and is wholly without merit.

AFFIRMED.