**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 97-10888
_____

KIRK DOUGLAS THOMPSON,

Plaintiff - Appellant,

versus

RONALD DREWRY, Warden; TIM MORGAN, Warden;
KELVIN SCOTT, Warden; CRAIG RAINES, Warden; B
PREWIT, Unit Health Administrator; HERMAN
SHAFFER, Doctor; JEAN HUBE LOUIS, Doctor; JOE
HOE BLOE, Doctor; BOUNDS, Nurse; JOYCE ROSS;
CO III; EDWIN GONZALEZ, CO III; MICHAEL
EULENFELD, Lieutenant; LARRY ANDERSON,
Lieutenant; NOBLES, Doctor; DAVIS, Doctor;
DAVID W TEMPLETON, CO III; DARRELL PORTER,
Lieutenant; ERIC HAMILTON, Lieutenant; ROBERT
RIVAS, JR, Sergeant; JAMES MCGONAGILL, CO III;
THOMAS SULLIVAN, Sergeant; LONA CHEAIRS,
Mailroom Supervisor; JOYCE BYARS, Doctor,
Psychiatrist; CHRISTOPHER OWENS, CO III;
KENNETH WARREN, Sergeant; EISENHOWER LEWIS, CO
III; ROBERT TALASEK, CO III; CARRY HILLIARD,
Sergeant; SHAWN HARRIS, CO III; HAROLD
ROBINSON, CO III; RONALD WILLIAMS, Lieutenant;
EDDIE WHEELER, Major; JAIME QUINTANILLA,
Captain; BRIAN CARSEN, Captain; WILLIAM KELLY,
Captain; LAMAR EARNEST, Captain; THOMAS JONES,
Lieutenant,

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
_____

April 10, 1998

Before GARWOOD, DAVIS, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Kirk Douglas Thompson, a Texas inmate, filed a civil rights action under 42 U.S.C. § 1983 against more than 30 officials at his prison. Thompson moved to proceed *in forma pauperis* ("IFP"), attesting that he had no income or assets. Pursuant to 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act ("PLRA"), the district court ordered Thompson to pay an initial partial filing fee of $1.80. Thompson did not pay this partial filing fee. In a second order, the district court determined that Thompson "ha[d] shown good cause for failing" to pay the partial filing fee and stated that it would require Thompson to pay the full filing fee in monthly installments. The court directed the "agency having custody of [Thompson]" to forward to the court the $1.80 initial partial filing fee "when funds exist in [Thompson's] inmate trust account."[1] Thompson's timely appeal followed.

On appeal, we directed the parties to address the following issue: "Whether the order from which the appeal is taken, requiring the payment of the full filing fee and an initial partial filing fee, is appealable prior to the entry of a final judgment in this civil rights case." This is a question of first impression in our Court. Prior to the enactment of the PLRA, an order denying a motion to proceed IFP under 28 U.S.C. § 1915 was an appealable

---

[1] The PLRA authorizes the district court to "assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-- A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1).

final order. *See Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975). The district court's order in the present case, however, is not appealable as a final judgment because it did not end the litigation on the merits and will not "close the door of the courthouse to the true pauper, forcing him to forfeit his day in court." *Id.* The district court noted that no prisoner, regardless of his poverty, will be barred from pursuing a civil action. The PLRA explicitly states that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Moreover, the district court's order does not fall within the statutory list of interlocutory orders that are appealable. *See* 28 U.S.C. § 1292(a). Similarly, the court's order does not fall within the collateral-order doctrine, the jurisprudential exception to the final-order rule. The collateral-order doctrine allows appellate review of nonfinal orders if certain conditions are met:

> 1) the order must finally dispose of a matter so that the district court's decision may not be characterizable as tentative, informal or incomplete; 2) the question presented must be serious and unsettled; 3) the order must be separable from, and collateral to, rights asserted in the principal suit; and 4) there should generally be a risk of important and probably irreparable loss if an immediate appeal is not heard.

*EEOC v. Kerrville Bus Co.*, 925 F.2d 129, 134 (5th Cir. 1991).

Here, under the PLRA, Thompson cannot be barred from bringing suit because of his poverty; consequently, there is no "risk of important and [] irreparable loss." Thus, we hold that the

district court's order directing that Thompson's funds be forwarded to pay the initial partial filing fee only when he has sufficient funds available is not an appealable collateral order. Accordingly, his appeal is DISMISSED for lack of jurisdiction. In addition, Thompson's motion to prosecute without delay is DENIED.