# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 17, 2011

Lyle W. Cayce
Clerk

No. 11-20200
Summary Calendar

RICHARD DEAN ROSIN,

Plaintiff-Appellant,

versus

RICK THALER, Director,
Texas Department of Criminal Justice, Correctional Institutions Division;
A. JANICEK, Head Warden; JOHN J. JEETER, Lieutenant of Corrections;
MICHAEL D. BARNETT, Captain of Corrections;
ERIC D. GILCREASE, Correctional Officer IV;
BRIAN H. BUSTER, Safety Officer I;
UNKNOWN UNIVERSITY OF TEXAS MEDICAL BRANCH STAFF,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-4436

No. 11-20200

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Rosin, Texas prisoner # 580399, appeals the dismissal of his 42 U.S.C. § 1983 complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with a court order. When he filed his complaint, Rosin moved to proceed *in forma pauperis* ("IFP"), but the district court determined that he was able to pay the filing fee; it denied the motion and ordered Rosin to pay the fee within 30 days of the order, warning that if he failed to pay on time "the court may dismiss this action for want of prosecution." Rosin did not pay the fee, and, six weeks after the court denied IFP status, it dismissed the case.

Contending that he is a pauper, Rosin first challenges the denial of IFP status. When Rosin filed his IFP motion, he had sufficient funds in his prison account to cover the filing fee. Though he now explains that much of those funds was withdrawn from his account to pay for college courses before he received the order instructing him to pay the full filing fee, he concedes that it was "understandable" that the district court concluded based on the account statement that he could afford the fee. Rosin also acknowledges that he did not clarify his financial situation to the court. Accordingly, the court did not abuse its discretion in denying the motion to proceed IFP. *See Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute on other grounds as recognized in Thompson v. Drewry*, 138 F.3d 984 (5th Cir. 1998).

Rosin also argues that the district court erred in dismissing his case. A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order. Rule 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1988). Because the court's order was silent as to whether the dismissal was with prejudice, we deem the dismissal to be with prejudice. Rule 41(b); *Edwards v. City of Houston*, 78 F.3d 983, 994 (5th Cir. 1996) (en banc). Though we review the decision for abuse of discretion, the scope of the district court's discretion is narrow when the dismissal is with prejudice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). We will affirm a dismissal with prejudice under Rule 41(b) only where there is a clear record of delay or contumacious conduct by the plaintiff and where the district court has determined that lesser sanctions were or would be futile. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

There is not a clear record of purposeful delay or contumacious conduct by Rosin. The district court dismissed Rosin's case six weeks after instructing him once to pay the filing fee, and nothing in the record suggests any intent on Rosin's part to delay the proceedings or resist the court's authority. A district court generally may not dismiss with prejudice if the plaintiff "fail[s] only to comply with a few court orders." *Berry*, 975 F.2d at 1192 & n.6. Moreover, there is no discussion in the record of other, lesser sanctions considered by the court.

Accordingly, the dismissal was an abuse of discretion. The judgment is VACATED, and the case is REMANDED for further proceedings.