# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11078
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2015

Lyle W. Cayce
Clerk

GREGORY D. ROWE,

Plaintiff-Appellant

v.

RUBEN GONZALEZ, State of Texas Judge; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; BRENDA H. DUMAS; PACE REALTY CORPORATION,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-655

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Gregory D. Rowe moves for leave to proceed in forma pauperis (IFP) on appeal to challenge the dismissal of his civil complaint for failure to prosecute. For the following reasons, we grant Rowe's motion for leave to proceed IFP on appeal, dispense with further briefing, vacate the district court's judgment, and remand the case to the district court for further proceedings.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11078

Rowe is economically eligible to proceed IFP on appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Rowe has also raised a nonfrivolous issue for appeal with respect to whether the district court considered him to be economically ineligible for arbitrary or erroneous reasons and abused its discretion by denying his motion for reconsideration of the order denying him leave to proceed IFP in the district court. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute on other grounds as recognized in Thompson v. Drewry*, 138 F.3d 984, 985-86 (5th Cir. 1998). The district court denied Rowe leave to proceed IFP based on his and his spouse's combined income. However, Rowe asserted in his motion for reconsideration that he did not have a spouse who lived with him and that his income was about to be lowered as he had reported in his IFP motion. He provided documents that substantiated these assertions. In addition, his assertion that he lived apart from his alleged spouse was consistent with his underlying complaint about being denied housing with his future wife.

On the merits of the appeal, Federal Rule of Civil Procedure 41(b) authorizes the dismissal of an action for failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). For the reasons stated above, the district court likely abused its discretion in ordering payment of the filing and administrative fees. Accordingly, the district court also abused its discretion in dismissing Rowe's complaint for failure to prosecute. *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

MOTION GRANTED; VACATED AND REMANDED.