# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50766
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2015

Lyle W. Cayce
Clerk

CHASE CARMEN HUNTER,

Plaintiff-Appellant

v.

AMALIA RODRIGUEZ-MENDOZA, Individually, in her official capacity as Clerk of the Travis County District Court in Texas; TRAVIS COUNTY DISTRICT COURT CLERK'S OFFICE; CHRISTINA M., Individually and in her capacity as Accounting Clerk for Travis County District Court; BROOKE DANIEL, Individually and in her capacity as 53rd Court Clerk for Travis County District Court,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-510

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

Chase Carmen Hunter, proceeding pro se, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of her motion to proceed IFP in the district court. To proceed IFP on appeal, the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50766

appellant must demonstrate both financial eligibility and the existence of a nonfrivolous appellate issue.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The denial of a motion to proceed IFP under 28 U.S.C. § 1915 is an appealable decision.  *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute on other grounds as recognized in Thompson v. Drewry*, 138 F.3d 984, 985-86 (5th Cir. 1998).  Thus, we have jurisdiction to consider that decision in the instant appeal.  *See id.*  However, because Hunter did not amend her notice of appeal or file another notice of appeal after the district court's entry of judgment, we lack jurisdiction to consider the district court's denial of her motions to file electronically, for the appointment of counsel, and to disqualify the district court judge.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Hunter contends that the district court's denial of her IFP motion was not based in fact or law but, rather, on an unreasonable assumption that there was an error in her financial affidavit.  She also contends that the district court's decision violated her right to due process, denied her access to the courts, and amounted to an act of tyranny and intentional judicial error.  According to Hunter, the denial of her IFP motion is subject to de novo review because of the constitutional and legal issues involved.

Contrary to Hunter's contention, we review the district court's denial of IFP status for an abuse of discretion.  *Flowers*, 507 F.2d at 1244.  A district court abuses its discretion when it denies an IFP motion based on arbitrary or erroneous grounds.  *Id.*

The district court's determination that Hunter was financially ineligible to proceed IFP was not an abuse of discretion.  *See id.*  Further, there is no constitutional right to proceed in a civil action without paying the proper filing

fee. *Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997). Thus, the district court's refusal to grant Hunter IFP status did not violate her right to due process or deny her access to the court system. *See id.* at 290-91; *Parsell v. United States*, 218 F.2d 232, 235 (5th Cir. 1955).

Hunter's contention that the district court's decision amounted to an act of tyranny and intentional judicial error is likewise unavailing. Her allegations of bias and prejudice stem from the magistrate and district court judges' actions in the course of judicial proceedings, and the record does not reflect that either judge displayed a deep-seated antagonism against her that would have made a fair judgment impossible. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Hunter has not shown that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, her IFP motion is DENIED, and her appeal is DISMISSED as frivolous. *See id.*; 5TH CIR. R. 42.2.