# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2020

Lyle W. Cayce
Clerk

No. 18-60481

ROGER C. JOHNSON,

Plaintiff-Appellant

v.

DOCTOR ROLANDO ABANGAN, Medical Doctor; OLLIE LITTLE, Nurse, Health Service Administrator,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-102

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

Roger C. Johnson, Mississippi prisoner # 59930, appeals the district court's revocation of his in-forma-pauperis (IFP) status as to his 42 U.S.C. § 1983 complaint. He also moves this court for authorization to proceed IFP.

Although our appellate jurisdiction is limited by statute to final decisions and certain interlocutory orders, *see* 28 U.S.C. §§ 1291–1292, the Supreme

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60481

Court has held that "[t]he denial . . . of a motion to proceed [IFP] is an appealable order," *Roberts v. United States District Court*, 339 U.S. 844, 845 (1950) (per curiam); *see also Hunter v. Rodriguez-Mendoza*, 623 F. App'x 266, 266 (5th Cir. 2015). We therefore have jurisdiction over Johnson's appeal.

Johnson has failed to show that he should be allowed to proceed IFP. Ordinarily, a prisoner may not be granted IFP status if he has previously brought three or more claims that were frivolous, malicious, or that failed to state a claim. 28 U.S.C. § 1915(g). Denial of IFP status "has the effect of delaying litigation of the merits of a claim until the [filing] fee is paid in full." *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). So, "[w]hen such a delay threatens 'imminent danger of serious physical injury,' the litigant will be granted IFP status in spite of his past abuse and allowed to pay out his filing fee obligations." *Id.* (quoting § 1915(g)).

Here, however, Johnson has neither alleged nor shown how a delay of his § 1983 complaint, which seeks only money damages, threatens any future physical harm, much less an imminent one. Johnson's motion is therefore denied.

The facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). The appeal presents no nonfrivolous issues and is dismissed as frivolous. 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.