# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2021

Lyle W. Cayce
Clerk

No. 19-50784
Summary Calendar

Alejandro Hernandez,

*Plaintiff—Appellant*,

*versus*

Constable R. A. Sommers, Precinct #7; Alberto Enrique Hernandez; Reynaldo Aaron Morales; Victor Vazquez,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CV-79

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Alejandro Hernandez moves for leave to proceed in forma pauperis (IFP) on appeal to challenge the dismissal of his civil complaint for failure to comply with a court order requiring payment of applicable fees. For the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

following reasons, we grant Hernandez's motion for leave to proceed IFP on appeal, dispense with further briefing, vacate the district court's judgment, and remand the case to the district court for further proceedings.

Hernandez is financially eligible to proceed IFP on appeal. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). He has also raised a nonfrivolous issue for appeal with respect to whether the district court considered him to be economically ineligible for arbitrary or erroneous reasons and abused its discretion by denying his motion to reconsider the order denying him leave to proceed IFP in the district court. *See Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute on other grounds as recognized in Thompson v. Drewry*, 138 F.3d 984, 985-86 (5th Cir. 1998). The district court denied Hernandez's motion to proceed IFP based on his monthly income. However, in his motion for reconsideration, Hernandez reported a substantial decrease in his income and asserted that he had underreported his monthly expenses in his initial IFP motion. In denying the motion to reconsider, the district court stated Hernandez's updated income and expenses did "not change the court's previous analysis" and that he had "sufficient funds to pay the filing fee." However, Hernandez's financial affidavit showed limited assets as well as necessary monthly expenses that exceeded his monthly income. Thus, we conclude the district court erred. *See Flowers*, 507 F.2d at 1244.

On the merits of the appeal, Federal Rule of Civil Procedure 41(b) authorizes the dismissal of an action for failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). For the reasons stated above, the district court abused its discretion in ordering payment of the applicable fees. Accordingly, the district court also abused its discretion in dismissing Hernandez's complaint for failure to comply with its order to pay the fees. *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

MOTION GRANTED; VACATED AND REMANDED.